# UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

GREGORY RICE,     )
           )
    Petitioner,   )
           )
 vs.        )  Case No. 04-1116-CV-W-GAF-P
           )
CHUCK DWYER,    )
           )
    Respondent.

## **OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner filed this federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his 2001 conviction and sentence for committing violence against an employee of the Missouri Department of Corrections, which was entered in the Circuit Court of Cole County, Missouri. Petitioner raises the following ten (10) grounds for relief: (1) trial counsel was ineffective for providing petitioner with an incorrect and unsigned indictment until the day before trial[1]; (2) trial counsel was ineffective for failing to obtain two separate sets of medical documents from medical personnel who allegedly treated the victim, which could have proven that no injury ever existed; (3) trial counsel was ineffective for failing properly to investigate the victim's motive to fabricate the charges because she had been involved in an intimate relationship with petitioner; (4) trial counsel was ineffective because he failed to file meritorious motions on behalf of petitioner, forcing petitioner to file the motions pro se; (5) the trial court erred in failing to dismiss

---

[1]In his amended petition, petitioner contends that trial counsel should have called Wanda Roam in addition to petitioner's claim in his original petition that trial counsel's failure to be aware of the actual charge led to his presentation of the wrong defense. Doc. No. 4, pp. 3-6. The claim concerning Roam is addressed in discussing Grounds 3 and 7.

trial counsel from petitioner's case after petitioner filed two separate pro se motions requesting that trial counsel be removed from trial because petitioner and trial counsel were unable to get along; (6) the trial court erred in failing to rule on eleven of petitioner's pro se motions, thereby denying petitioner of a meaningful opportunity to be heard; (7) trial counsel was ineffective for failing to call as a defense witness Ms. Wanda Roam, who would have testified on petitioner's behalf as to the nature of the relationship petitioner had with victim; (8) the trial court erred in failing to rule on petitioner's claims regarding the dangerous offender statute; (9) the trial court erred in reading jury instruction number seven incorrectly by removing the word "only" and adding the word "of"; (10) trial counsel was ineffective for failing to (a) object to hearsay statements made by the state's witness Dr. Janet Baxter and to (b) call Dr. Vijay K. Sadhu, a radiologist, as a witness. Respondent contends that petitioner has failed properly to raise all ten (10) Grounds in the Missouri state courts. Doc. No. 13, pp. 4-8.

## Procedurally Defaulted Grounds

"A habeas petitioner is required to pursue all available avenues of relief in the state courts before the federal courts will consider a claim." Sloan v. Delo, 54 F.3d 1371, 1381 (8th Cir. 1995), cert. denied, 516 U.S. 1056 (1996). "If petitioner fails to exhaust state remedies and the court to which he should have presented his claim would now find it procedurally barred, there is a procedural default." Id.

Although petitioner raised his present grounds for relief in his motion for post-conviction relief filed pursuant to Mo. Sup. Ct. R. 29.15, see Respondent's Exhibit F, pp. 10-16, the Rule 29.15. trial court found that they were barred from review because they were not pled sufficiently (Grounds 1[2] and 10, see

_____

[2]Respondent contends that, in considering petitioner's petitioner's sole point on direct appeal (that the trial court violated petitioner's due process rights by overruling petitioner's motion for a

Respondent's Exhibit F, pp. 10-11, 16, 61, and Respondent's Exhibit G, pp. 2-3); because petitioner

failed to offer proof at the Rule 29.15 hearing (Grounds 2, 3, and 7, see Respondent's Exhibit F, pp. 11-2,

14-15, 61-62); because petitioner failed to state a ground for relief (Ground 4, see Respondent's Exhibit

F, pp. 13, 61, and Respondent's Exhibit G, pp. 2-3); and because allegations of trial court error were not

appropriate for review in a post-conviction motion (Grounds 5, 6, 8, and 9, see Respondent's Exhibit F,

pp. 14015, 61, and Respondent's Exhibit G, pp. 2-3). See Smith v. Groose, 998 F.2d 1439, 1441 (8th

Cir. 1993) (failure to satisfy state procedural requirements serves as an adequate and independent state

procedural bar to review); Missouri Supreme Court Rule 29.15(a) (a Rule 29.15 motion is appropriate for

a person convicted of a felony after trial claiming that the conviction or sentence imposed violates the

constitution and laws of this state or the constitution of the United States).

Moreover, petitioner abandoned all except Ground 10(a) of the present claims by failing to brief

them on appeal from the denial of post-conviction relief. Respondent's Exhibit H. Claims presented in a

post-conviction motion but not presented on appeal are procedurally defaulted. Lowe-Bey v. Groose, 28

F.3d 816, 818-20 (8th Cir.), cert. denied, 513 U.S. 1061 (1994); Conley v. Groose, 26 F.3d 126, 1994

WL 203379, **1 (8th Cir. May 17, 1994), cert. denied, 513 U.S. 971 (1994); Smith v. Jones, 923 F.2d

---

continuance when defense counsel learned only the day before trial that petitioner had been charged
with committing violence against an employee of the Missouri Department of Corrections, rather than
first degree assault), the Missouri Court of Appeals, Western District, ruled that petitioner failed to
plead sufficient facts in an affidavit supporting his request for a continuance in order to demonstrate
prejudice, especially given that the offense of committing violence to an employee of the Department of
Corrections involved the same facts and same discovery as the offense of first degree assault and had
fewer elements. Respondent's Exhibit E, pp. 8-11. Respondent contends that holding is entitled to
deference under § 2254(d)(1) and (2). If the trial court did not err in denying the continuance,
respondent points out that trial counsel's failure to be aware of the charges until the day before trial
could not have prejudiced petitioner.

588, 589 (8th Cir. 1991).

Further, petitioner failed to brief Grounds 5, 6, 8, and 9 claims on direct appeal. See Respondent's Exhibit C, p. 20. Therefore, Grounds 1-9 and 10(b) grounds were procedurally defaulted in the state courts. Reese v. Delo, 94 F.3d 1177, 1185 (8th Cir. 1996), cert. denied, 520 U.S. 1257 (1997).

A federal court may not review procedurally defaulted claims "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). In his reply to respondent's response, petitioner contends that his Rule 29.15 counsel did not consult with him prior to filing his 29.15 appeal and that his counsel refused to appeal to the Missouri Supreme Court.

Although petitioner raised a claim that ineffective assistance of counsel caused his procedural default in his Rule 29.15 motion and appeal, ineffective assistance of post-conviction counsel cannot constitute cause for petitioner's default. See Clemmons v. Delo, 124 F.3d 944, 947-48 (8th Cir. 1997), cert. denied, 523 U.S. 1088 (1998). Petitioner failed to address any viable cause for and actual prejudice resulting from his state procedural default in his reply to respondent's response. See Doc. No. 28.

Petitioner also has failed to show that a fundamental miscarriage of justice will result if his defaulted claims are not considered. See Weeks v. Bowersox, 119 F.3d 1342, 1350 (8th Cir. 1997) (petitioner must make a showing of "actual innocence" in order to fit within the fundamental miscarriage of justice exception) (en banc) (citing Schlup v. Delo, 513 U.S. 298 (1995)), cert. denied, 522 U.S. 1093 (1998). Grounds 1- 9 and 10(b) will be denied.

**Ground 10(a)**

4

In Ground 10(a), petitioner contends that trial counsel failed to object to hearsay statements made by the state's witness Dr. Baxter. In petitioner's Rule 29.15 motion, he claimed trial counsel was ineffective for failing to use Dr. Baxter's medical report observing no visible marks or bruises along the left side of the face and observing no injury inside the mouth of the victim when he cross-examined Baxter at trial. See Respondent's Exhibit F, p. 16.

The 29.15 court found the claim barred from review because it was insufficiently pled. Respondent's Exhibit G, pp. 2-3; Respondent's Exhibit F, p. 61. See Smith v. Groose, supra. Although petitioner raised Ground 10(a) as his sole point on appeal from denial of Rule 29.15 relief, the Missouri Court of Appeals, Western District, agreed with the Rule 29.15 court that petitioner's claim was barred for failure to plead sufficient facts establishing that petitioner was prejudiced by his attorney's not using Baxter's medical report when he cross-examined Baxter at trial. Respondent's Exhibit J, p. 2. In an alternative holding, the state appellate stated:

> [T]he record established that Rice questioned Baxter about her observations during trial. During cross-examination, Rice asked Baxter whether or not she saw any bruising on the victim when she examined her. Baxter said that she did not see any bruises on the victim. Hence, despite Rice's contention to the contrary, his attorney did bring Baxter's observation about the lack of bruising to the jury's attention by asking her directly about it rather than asking about it via the medical report.

Respondent's Exhibit J, p. 3.

Before the state court findings may be set aside, a federal court must conclude that the state court's findings of fact lack even fair support in the record. Marshall v. Lonberger, 459 U.S. 422, 432 (1983). It is petitioner's burden to establish by clear and convincing evidence that the state court findings are erroneous. 28 U.S.C. § 2254(e)(1). Because the state court's findings of fact have fair support in the

record and because petitioner has failed to establish by clear and convincing evidence that the state court findings are erroneous, the Court defers to and adopts those factual conclusions.

In order to succeed on an ineffective assistance of counsel claim, petitioner must establish that: (1) his counsel's performance was unreasonable as viewed in the totality of the circumstances; and (2) counsel's deficient performance prejudiced petitioner's defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Judicial scrutiny of counsel's performance must be highly deferential, id. at 689, and there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id.

Petitioner has failed to demonstrate that counsel's failure to object to the alleged hearsay statements of Dr. Baxter prejudiced his defense. In order to demonstrate prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. Given that defense counsel already had asked Dr. Baxter whether she had seen any bruises on the victim, there is little likelihood that an objection to the alleged hearsay statements would have undermined confidence in the verdict to the extent required. See Respondent's Exhibit A, pp. 93-98.

The Missouri Court of Appeals properly applied the United States Supreme Court's holding in Strickland in concluding that petitioner's ineffectiveness of counsel claim was without merit. Thus, the state appellate court's denial of petitioner's claim was not based on an "unreasonable determination of the facts in light of the evidence" or a misapplication of "clearly established Federal law." 28 U.S.C. § 2254 (d)(1) and (2). Therefore, Ground 10(a) will be denied.

Accordingly, it is **ORDERED** that:

(1) the petition for writ of habeas corpus is denied; and

(2) this case is dismissed with prejudice.


 /s/ Gary A. Fenner
Gary A. Fenner
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri

Dated:  8/24/05